UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BYRON ADAMS,

    Petitioner,

v.                         Case No.  3:08-cv-601-J-33MCR
                            Case No.  3:06-cr-079-J-33MCR
UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER**

Before the Court are Byron Adams' ("Adams") Motion to Dismiss Appeal (Doc. 13), the Government's Response (the "Response," Doc. 14) and Adams' Motion to Withdraw the Motion to Dismiss Appeal (the "Motion to Withdraw," Doc. 15). For the reasons that follow, the Motion to Dismiss Appeal (Doc. 13) will be denied and the Motion to Withdraw (Doc. 15) will be granted.

**Background**

On June 16, 2008, Adams filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (the "§ 2255 Motion," Doc. 1). The Government filed a Response and Adams filed a Reply (Doc. 11). After filing the § 2255 Motion, Adams provided information to a

Special Agent at the Drug Enforcement Administration (the "DEA Agent"). The DEA Agent informed Adams that based on his assistance, the Government might consider filing a motion under Fed. R. Crim. P. 35(b) (the "Rule 35 Motion") motion to reduce Adams' criminal sentence.[1] The DEA Agent further informed Adams that the Government, specifically, the Assistant United States Attorney assigned to his case, would not consider filing a Rule 35 Motion, while the § 2255 Motion was pending. Adams then filed the Motion to Dismiss Appeal (Doc. 13).

---

[1] Rule 35(b) is the mechanism by which a district court may, on the Government's motion, reduce a sentence to reflect substantial assistance provided by the defendant to the Government after sentencing. Rule 35(b) reads, in pertinent part, that:

> **Reduction of Sentence for Changed Circumstances**. The court, on motion of the Government made within one year after the imposition of the sentence, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with the guidelines and policy statements issued by the Sentencing Commission . . . .

Under Rule 35(b), a court may consider a defendant's "subsequent, substantial assistance in the investigation or prosecution of another person." United States v. Chavarria-Herrara, 15 F.3d 1033, 1037 (11th Cir. 1994) (internal quotation marks omitted). If the motion is filed more than one (1) year after sentencing a court may reduce a sentence, "if the defendant's substantial assistance involved . . . information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing." Fed. R. Crim. P. 35(b)(2)(B).

In the Response, the Government informs the Court that it does not necessarily oppose the Motion to Dismiss Appeal. The Government asks the Court to either rule on the § 2255 Motion or direct Adams to file a notice stating he is aware that if the information he provided to the DEA qualifies for Rule 35 Motion, the Government may file one after the Court has ruled on the § 2255 Motion.

Adams claims that he filed the Motion to Dismiss Appeal (Doc. 13) because he mistakenly believed that in order to "receive credit for a Rule 35" he would have to drop the § 2255 Motion." (Doc. 15 at 1). He informs the Court that he now understands that any "credit" he may receive "for a Rule 35" would be based "solely on the value of the information given." (Doc. 15 at 1). He further informs the Court that he would like to "continue" with the § 2255 Motion based on the knowledge that the "U.S. Attorney has brought to my attention that 'I may still qualify for Rule 35 relief <u>after</u> a ruling on my pending [§ 2255 Motion].'" (Doc. 15 at 1).

The Response and Motion to Withdraw address all of

the issues raised in the Motion to Dismiss Appeal , and, more importantly, demonstrate that Adams fully understands the legal ramifications of pursuing the § 2255 Motion.

Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED:**

(1) The Motion to Dismiss Appeal (Doc. 13) is **DENIED**.

(2) The Motion to Withdraw (Doc. 15) is **GRANTED**.

**DONE** and **ORDERED** in Jacksonville, Florida, this <u>22nd</u> day of June 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record
Petitioner Byron Adams

4